IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 14, 2022 03:33 PM
SX-2020-CV-00659
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

STRAND SQUARE, LLC,

PLAINTIFF,

v.

DIGBY STRIDIRON II,

DEFENDANT.

Civil No. SX-2020-CV-659

ACTION FOR DEBT

CITE AS: 2022 VI SUPER 26

**Appearances:**
**Samuel T. Grey, Esq.**
GRONER & GREY, P.C.
Christiansted, St. Croix
*For Plaintiff*

**Digby Stridiron II**
*For Defendant, Pro Se*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** is before the Court *sua sponte* for review.

### BACKGROUND

¶ 2    On August 5, 2020, Plaintiff Strand Square, LLC (hereinafter "Plaintiff") filed a complaint against Defendant Digby Stridiron II (hereinafter "Defendant") in connection with a commercial lease agreement executed between Plaintiff as landlord and Defendant as tenant. Plaintiff did not set forth any counts in separate numbered paragraphs with separate designation of the specific names of each count in its two-page complaint but indicated in the caption that this is an action for debt. In its complaint, Plaintiff alleged, *inter alia*, that "Defendant has defaulted in the payment of his obligations pursuant to the Lease" and "[a]fter having deducted all credits is any due to the Defendant, the sum of $22,359.02 is past due and owing as of March 1, 2020." (Compl. ¶ 7.) Plaintiff did not make a demand for a jury trial in this matter.

¶ 3    On November 22, 2020, Plaintiff filed a notice of service advising the Court that Defendant was served on November 19, 2020.

¶ 4    On February 1, 2021, Plaintiff filed a motion for entry of default. On February 5, 2021, Defendant filed a letter asking the Court for more time in this matter. On February 24, 2021, the Court entered an order whereby the Court, inter alia, denied Plaintiff's motion for entry of default and granted Defendant an extension of thirty days to file a response to Plaintiff's complaint.[1]

¶ 5    On September 3, 2021, Plaintiff filed a motion for summary judgment.

¶ 6    As of the date of this Memorandum Opinion and Order, Defendant has not filed a response to Plaintiff's complaint.

## DISCUSSION

¶ 7    Upon review, it has come to the Court's attention that this matter is within the original jurisdiction of the Magistrate Division of the Superior Court of the Virgin Islands (hereinafter "Magistrate Division"). Section 123 of Title 4 of the Virgin Islands Code (hereinafter "Section 123") identifies the jurisdiction and powers of the Magistrate Division, which provides, *inter alia*,

---

[1] In the February 24, 2021 order, the Court explained that

> In this instance, the Court finds that Defendant has appeared and "otherwise defended" in this matter—to wit, Defendant's February 5, 2021 letter asked the Court for more time in this matter, which indicates a clear intention on Defendant's part to defend the lawsuit on the merits. *See Marsh-Monsanto v. Clarenbach*, 66 V.I. 366, 376 (V.I. 2017) (quoting *Appleton v. Harrigan*, 61 V.I. 262, 267 (V.I. 2014) (citation and internal quotation marks omitted)) ("it is our policy to give *pro se* litigants greater leeway in dealing with matters of procedure and pleading"). Moreover, "[c]ourts prefer cases to be resolved on the merits and entering default against a defendant who appeared but failed to file an answer is generally reserved as a sanction for egregious behavior" and the Court does not find egregious behavior present here to warrant sanction by an entry of default. *Arno*, 71 V.I. at 489; *see also Sarauw*, 66 V.I. at 265 (It is the Virgin Islands Supreme Court's longstanding instruction "that the preference is to decide cases on their merits" and "that any doubts should be resolved in favor of this preference.") Thus, the Court finds that an entry of default would be improper at this juncture.
>
> Furthermore, based upon the substance of Defendant's letter, the Court will construe it as a motion for an extension of time. *See Rodriguez v. Bureau of Corr.*, 70 V.I. 924, 928 n.1 (2019) (citing *Joseph v. Bureau of Corrections*, 54 V.I. 644, 648 n.2 (V.I. 2011) ("[T]he substance of a motion, and not its caption, shall determine under which rule the motion is construed.").

(Feb. 24, 2021 Order, p. 3) (footnote omitted.)

that "[e]ach magistrate judge may: ... hear forcible entry and detainer and landlord and tenant actions; and hear all civil cases where the amount in controversy does not exceed $75,000."" Title 4 V.I.C. § 123(a)(6)-(7). "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning." *Miller v. People of the V.I.*, 67 V.I. 827, 844 (V.I. 2017). It is well settled that when the language of a statute is plain and unambiguous, no further interpretation is required. *See Thomas v. People of the V.I.*, 69 V.I. 913, 925 (V.I. 2018) (noting that "because 'the statutory language [of 14 V.I.C. § 2101(a)] is plain and unambiguous, no further interpretation is required'"); *see also, Codrington v. People of the V.I.*, 57 V.I. 176, 185 (V.I. 2012) ("Accordingly, when the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning."). "The Virgin Islands Legislature has instructed that "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." Title 1 V.I.C. § 42; *see Miller*, 67 V.I. at 844.

¶ 8    The Court finds that the language of Section 123(a)(6) is plain and unambiguous. Forcible entry and detainer actions and landlord and tenant actions are two separate type of actions—to wit, forcible entry and detainer actions do not always involve landlord and tenant[2] and landlord and tenant actions do not always involve forcible entry and detainer. The word "and" between the phrases "forcible entry and detainer" and "landlord and tenant actions" in Section 123(a)(6)

---

[2] While forcible entry and detainer actions commonly commenced by landlords against their tenants, under the statute, a forcible entry and detainer action may be commenced by any person entitled to the possession of a premises against another person that is in unlawful possession of said premises. *See* Title 28 V.I.C. § 782(a) ("When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and the possession is held by force, the person entitled to the premises may maintain an action to recover the possession thereof."); *see also,* Title 28 V.I.C. § 783 ("In an action under this [Forcible Entry and Detainer] subchapter it shall be sufficient to state in the complaint a description of the premises with convenient certainty, **that the defendant is in possession thereof, that he entered upon the same with force, or unlawfully holds the same with force, as the case may be, and that the plaintiff is entitled to the possession thereof.**") (emphasis added).

indicates that the Legislature intended to grant the Magistrate Division the jurisdiction and power over both type of actions. If the drafters of the statute did not intend to grant the Magistrate Division the jurisdiction and power over both type of actions, they clearly could have done so by including either type of actions instead of both. As such, the Court will give effect to the plain words of the statute and hold that the Magistrate Division has jurisdiction and power over both forcible entry and detainer actions and landlord and tenant actions. The Court also finds that the language of Section 123(a)(7) is plain and unambiguous. As such, the Court will give effect to the plain words of the statute and hold that the Magistrate Division has jurisdiction and power over all civil cases where the amount in controversy does not exceed $75,000. Arguably, the magistrate judge is not required to hear forcible entry and detainer actions and landlord and tenant actions or civil cases where the amount in controversy does not exceed $75,000 since Section 123(a) states that "the magistrate judge may…" and did not use the word "shall." However, the Virgin Islands Supreme Court acknowledged *In re the Estate of Small* that "[u]nder section 123(a), the Legislature provided the Magistrate Division the original jurisdiction to hear certain kinds of cases without the oversight of a Superior Court judge [under Title 4 V.I.C. § 123(a), including, among other things, traffic offenses, petty criminal offenses, small claims civil matters, landlord and tenant cases, and probate matters]" and held that "the magistrate is the finder of fact for all section 123(a)(4) [of Title 4 of the Virgin Islands Code] original jurisdiction cases." 57 V.I. 416, 429 (V.I. 2012). The Court see no reasons why the holding in *Small* would not extend to Section 123(a)(6)-(7). *See* V.I. Super. Ct. Rule 322(a) ("Final orders or judgments of the Magistrate Division resolving completely the merits of cases which came before them pursuant to their original jurisdiction, as provided by 4 V.I.C. § 123(a), are immediately appealable to judges of the Superior Court of the Virgin Islands, as well as any interlocutory orders appealable by law.").

¶ 9     This matter is clearly a landlord and tenant action—to wit, Plaintiff filed this lawsuit in connection with a commercial lease agreement executed between Plaintiff as landlord and Defendant as tenant—and a civil action where the amount in controversy does not exceed $75,000—to wit, Plaintiff alleged that "the sum of $22,359.02 is past due and owing as of March 1, 2020." (Compl.) Thus, this matter falls under the original jurisdiction of the Magistrate Division. *See* Title 4 V.I.C. § 123(a)(6)-(7). As such, the Court will order the Clerk's Office to re-assign this matter to the Magistrate Division.[3]

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the Clerk's Office **RE-ASSIGN** this matter to the **MAGISTRATE DIVISION**. It is further:

---

[3] Irrespective of whether the Court orders this matter re-assigned to the Magistrate Division, this matter is still heard in the Magistrate Division. *See Brown v. Brown*, 59 V.I. 583, 587-89 (V.I. 2013) ("When a senior judicial officer elects to hear a case that is traditionally within the purview of more junior judicial officers, the same procedural rules continue to apply… The reasons for such a rule are clear: litigants in domestic violence, small claims, traffic, and other matters within the original jurisdiction of the Magistrate Division should not be subject to different procedural rules based on the rank of the judicial officer that hears their case."). The implication is that this matter is appealable to the Appellate Division of the Superior Court unless an order is entered pursuant to Section 123(d). Section 123(d) provides that "[u]pon consent of the parties, the magistrate judge may conduct all proceedings in a jury or non-jury civil matter, including trial and enter a judgment in the case" and "[a]n order entered pursuant to this subsection is an Order of the Court, appealable to the Supreme Court of the Virgin Islands as any other Order." Title 4 V.I.C. § 123(d); *see H&H Avionics, Inc. v. V.I. Port Auth.*, 52 V.I. 458, 462-63 (V.I. 2009) (noting that "except for dispositive orders entered by magistrates in civil matters tried with the consent of the parties…pursuant to 4 V.I.C. § 123(d), orders entered by magistrates that have not been appealed to and reviewed by a Superior Court judge do not constitute final, appealable orders").

The Court recognizes that there may be conflicts between Section 123(a) and Section 123(d) in the event that the parties do not consent to the magistrate judge conducting all proceedings in a case that is under the original jurisdiction of the Magistrate Division. In other words, if a case falls within the original jurisdiction of the Magistrate Division pursuant to Section 123(a) but the parties refuse to consent to the magistrate judge conducting all proceedings as required under Section 123(d), then who has jurisdiction over the case? On one hand, the Superior Court judges cannot preside over such a case, except sitting as a Superior Court magistrate judge in the Magistrate Division, because the Magistrate Division has original jurisdiction under Section 123(a). On the other hand, the Superior Court magistrate judges cannot preside over such a case because the parties did not consent as required under Section 123(d). At this juncture, the Court need not address this issue since the parties have not indicated such refusal to consent.

**ORDERED** that a copy of this Memorandum Opinion and Order shall be served upon:

(i) Samuel T. Grey, Esq. **electronically**.

(ii) Defendant via: (i) certified mail and regular First-Class mail to **P.O. Box 990, Christiansted, St. Croix, VI 00820** and (ii) email to **chefdigby@gmail.com**.[4]

**And** it is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff and Defendant shall each **FILE A NOTICE** advising the Court whether Plaintiff or Defendant refuses to consent to the magistrate judge conducting all proceedings in this matter, including trial and enter a judgment. Failure for a party to file a notice advising the Court of the party's refusal to consent within the thirty-day deadline **SHALL CONSTITUTE THE PARTY'S CONSENT** to the magistrate judge conducting all proceedings in this matter, including trial and enter a judgment.

**DONE and so ORDERED this** 14th **day of March, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: _____3 . 14. 22_____

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

---

[4] This is the information provided by Defendant in his February 5, 2021 letter.

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 14, 2022 03:34 PM
SX-2020-CV-00659
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **STRAND SQUARE, LLC,** | Case Number: **SX-2020-CV-00659** |
| **Plaintiff** | Action: **Debt** |
| **v.** | |
| **DIGBY STRIDIRON, II,** | |
| **Defendant.** | |

## NOTICE of ENTRY
### of
### <u>Order</u>

**To:** Samuel T. Grey, Jr., Esq.      Digby Stridiron, II
Judges & Magistrates of Superior Court
LawClerks, Law Library

**Please take notice that on March 14, 2022**

a(n) **Memorandum Opinion and Order**

dated     **March 14, 2022**     was/were entered

**by the Clerk in the above-titled matter.**

**Dated:**    **March 14, 2022**

**Tamara Charles**
**Clerk of the Court**

By:

**Sharisse Bascombe**
**Court Clerk II**
